# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.:

MELVIN SMITH,

       Plaintiff,

vs.

JEREMY OWNBEY, individually, and the
CITY OF HOLLYWOOD, a Florida Municipal
corporation,

       Defendants.

_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant JEREMY OWNBEY, individually, and Defendant CITY OF HOLLYWOOD, a Florida Municipal corporation.

2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

3.     Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

4.      Plaintiff MELVIN SMITH (hereinafter "Plaintiff") is a resident of Broward County, State of Florida.

5.      At all times referred to herein, Defendant JEREMY OWNBEY [hereinafter OWNBEY or Defendant OWNBEY] was employed as a police officer for Defendant CITY OF HOLLYWOOD, and was acting under the direction and control of Defendant CITY OF HOLLYWOOD, and in such capacity as an agent, servant and employee of Defendant CITY OF HOLLYWOOD, and its police department.

6.      Defendant CITY OF HOLLYWOOD [hereinafter CITY or CITY OF HOLLYWOOD or Defendant CITY OF HOLLYWOOD] is a Florida municipal corporation, organized and existing under the laws of the State of Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant OWNBEY, and others.

7.      Plaintiff sues Defendant OWNBEY in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8.      At all times material hereto, Plaintiff MELVIN SMITH was the owner of a single family dwelling located at 2513 Raleigh Street, Hollywood, Broward County, Florida.

9.      At all times material hereto, Plaintiff was 71 years old.

10.     During the evening hours of April 8, 2015, Plaintiff sat on the sofa in his living room watching the New York Yankees vs. Toronto Blue Jays, at Yankee Stadium in New York.

11.     Plaintiff's grandson briefly entered the residence and placed a small portable radio by the front door.   Plaintiff continued to watch the baseball game.

12.     Several minutes later there was a very loud knock on Plaintiff's front door.

13.     When Plaintiff opened the front door, Defendant OWNBEY was standing outside,

and stated: "Do you know what's going on in your front yard?", and adding that there were "naked girls" and an odor of marijuana.

14.     Plaintiff responded:  "Where is all this happening at?," and added: "I gotta see this."

15.     When Plaintiff exited the front door of his residence he did not observe any naked women or the odor of marijuana.

16.     A total of four (4) teenagers, including Plaintiff's grandson, were in the area of Plaintiff's garage and front yard.   Plaintiff's grandson explained to Defendant OWNBEY that they were not doing anything illegal.

17.     When Plaintiff questioned Defendant OWNBEY concerning the location of any "naked women," Defendant OWNBEY directed Plaintiff to an unoccupied grey Honda.

18.     Plaintiff explained to Defendant OWNBEY that the grey Honda was unoccupied, locked, contained some of Plaintiff's tools, and that Plaintiff was in possession of the key to the motor vehicle.

19.     A police officer from a police vehicle parked on Raleigh Street directed a powerful spotlight into Plaintiff's eyes, whereupon Plaintiff turned away from the blinding light and stated to Defendant OWNBEY and asked: "Can you take that light out of my face?"

20.     Notwithstanding the fact Plaintiff was not detained or under arrest, Defendant OWNBEY responded: "Come back, I'm not finished talking with you," to which Plaintiff again responded: "Just tell that guy to take the light out of my face."

21.     Defendant OWNBEY then immediately moved behind Plaintiff and stated: "Oh, you want to be a bad ass.  I'm going to take you to jail.  Put your hands behind your back."   Plaintiff complied, whereupon Defendant OWNBEY body-slammed Plaintiff the ground, causing serious bodily injury to Plaintiff's neck.

22.     Plaintiff subsequently sustained permanent injury and required surgical intervention by Behnam Myers, M.D., an orthopedic surgeon.

23.     Following Plaintiff's arrest, Defendant OWNBEY prepared a notice to appear for submission to prosecuting authorities, falsely alleging that Plaintiff committed the misdemeanor offense of resisting arrest with violence, in the absence of probable cause that Plaintiff committed any criminal offense.

24.     At all times material hereto, Defendant OWNBEY knew that his notice to appear would be relied upon by prosecuting authorities for the commencement and continuation of criminal proceedings against Plaintiff.

25.     The notice to appear prepared by Defendant OWNBEY for submission to prosecuting authorities contained false statements and material omissions.

26.     The notice to appear prepared by Defendant OWNBEY for submission to prosecuting authorities contained false statements, including but not limited to the false claim that upon exiting his residence, Plaintiff was asked by Defendant OWNBEY "several times . . . to calm down," but continued to "walk toward [Ownbey] yelling screaming and yelling," when in fact, as Defendant OWNBEY knew, Plaintiff remained claim at all times, and did not yell or scream at any police officer.   To the contrary, Plaintiff has lived in Hollywood for decades, has (successfully) sued the City of Hollywood previously for police misconduct occurring at his residence, has had numerous face-to-face meetings with multiple officers over many years, and when feeling mistreated by the police, simply contacts his attorneys (which throughout the years have included now Broward County Circuit Judge Raag Singhal, former Broward County Circuit Judge Charles Kaplan (deceased), and the undersigned).

27.     The notice to appear prepared by Defendant OWNBEY for submission to prosecuting

authorities contained false statements, including but not limited to the false claim that Defendant OWNBEY "directed the defendant to the ground and detained him for obstructing an investigation," when in fact, as Defendant OWNBEY knew, Plaintiff was body-slammed to the ground.

28.     The notice to appear prepared by Defendant OWNBEY for submission to prosecuting authorities contained material omissions, including but not limited to the fact that all of Plaintiff's speech constitutes protected speech under the First Amendment, and Defendant OWNBEY was not engaged in the lawful execution of a legal duty at the time Plaintiff's arrest, and as such, no crime occurred as a matter of law.

29.     As a proximate cause of the false statements and material omissions contained in Defendant OWNBEY's police reports, Plaintiff was charged by Information with the misdemeanor offense of obstruction of justice.

30.     On September 22, 2016, the Broward County State Attorney's Office entered a nolle prosequi, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of his arrest by Defendant OWNBEY on April 8, 2015.

31.     The conduct of Defendant OWNBEY, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIM AGAINST DEFENDANT OWNBEY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant OWNBEY, individually, in Count I, Plaintiff states:

32.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 31.

33.     At all times material hereto, Defendant OWNBEY's notice to appear was completed

under oath and alleges that when Plaintiff was told to "calm down," Plaintiff directed Defendant OWNBEY to "get off my property."

34.     At all times material hereto, Plaintiff and Defendant OWNBEY were standing at, or adjacent to, the front porch area of Plaintiff's residence, near decorative piping installed by Plaintiff to maintain landscaping (such that when Plaintiff was body-slammed to the ground, he was at or near the location of the decorative piping). (A photograph including the front door of Plaintiff's residence and decorative piping is attached hereto, and made a part hereof, as Exhibit "A").

35.     At all times material hereto, Defendant OWNBEY remained on Plaintiff's property without a search warrant, or exigent circumstances and probable cause.

36.     The conduct of Defendant OWNBEY towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 to be secure in his house, papers, and effects, against unreasonable search and seizure.

37.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

38.     As a further direct and proximate result of the conduct of Defendant OWNBEY, Plaintiff suffered loss of liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

i.     Judgment for compensatory damages;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST**
**DEFENDANT OWNBEY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant OWNBEY, individually, in Count II, Plaintiff states:

39.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 31.

40.     Plaintiff's arrest and use of force by Defendant OWNBEY was in retaliation for Plaintiff's protected speech under the First Amendment.

41.     The arrest and use of force by Defendant OWNBEY towards Plaintiff was unreasonable under the Fourth Amendment, and occurred under circumstances likely to deter a person of ordinary firmness from the exercise of First Amendment rights.  The conduct of Defendant OWNBEY towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

42.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

43.     As a further direct and proximate result of the conduct of Defendant OWNBEY, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

      i.       Judgment for compensatory damages;

      ii.      Judgment for exemplary damages;

      iii.     Cost of suit;

      iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.       Trial by jury as to all issues so triable; and

      vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT OWNBEY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant OWNBEY, individually, in Count III, Plaintiff states:

     44.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 31.

     45.     Defendant OWNBEY proximately caused Plaintiff's arrest in the absence of lawful authority or probable cause that Plaintiff committed any criminal offense.

     46.     The conduct of Defendant OWNBEY towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

     47.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

     48.     As a further direct and proximate result of the conduct of Defendant OWNBEY,

individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV
### EXCESSIVE USE OF FORCE BY DEFENDANT OWNBEY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant OWNBEY, individually, in Count IV, Plaintiff states:

49.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 31.

50.    The use of force by Defendant OWNBEY towards Plaintiff was objectively unreasonable and unnecessary for Defendant OWNBEY to defend himself or any other person from bodily harm during the detention and arrest of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

51.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

52.     As a further direct and proximate result of the conduct of Defendant OWNBEY, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

        i.        Judgment for compensatory damages;

        ii.        Judgment for exemplary damages;

        iii.        Cost of suit;

        iv.        Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

        v.        Trial by jury as to all issues so triable; and

        vi.        Such other relief as this Honorable Court may deem just and appropriate.

**COUNT V**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT CITY OF HOLLYWOOD**

For his cause of action against Defendant CITY OF HOLLYWOOD, in Count V, Plaintiff states:

53.     Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 31.

54.     Defendant OWNBEY proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

55.     The conduct of Defendant OWNBEY towards Plaintiff was unreasonable and

unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

56.     The conduct of Defendant OWNBEY constitutes false arrest/false imprisonment of Plaintiff under Florida law.

57.     The false arrest/false imprisonment of Plaintiff by Defendant OWNBEY committed by Defendant OWNBEY in the course and scope of his employment as a police officer for Defendant CITY OF HOLLYWOOD.

58.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

59.     As a further direct and proximate result of the conduct of Defendant CITY OF HOLLYWOOD, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $15,000;

     ii.     Cost of suit;

     iii.     Trial by jury as to all issues so triable; and

     iv.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT OWNBEY, INDIVIDUALLY**

For his cause of action against Defendant OWNBEY, individually, in Count VI, Plaintiff states:

60.     Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 31.

61.     Defendant OWNBEY proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

62.     The conduct of Defendant OWNBEY towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

63.     Alternatively to the allegations set forth in Count V, if the false arrest/false imprisonment of Plaintiff by Defendant OWNBEY occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant OWNBEY in his individual capacity.

64.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

65.     As a further direct and proximate result of the conduct of Defendant OWNBEY, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

        WHEREFORE, Plaintiff prays:

        i.      Judgment for compensatory damages in excess of $15,000 dollars;

        ii.     Judgment for exemplary damages;

       iii.     Cost of suit;

       iv.     Trial by jury as to all issues so triable; and

       v.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VII**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT**
**CITY OF HOLLYWOOD**

For his cause of action against Defendant CITY OF HOLLYWOOD in Count VII, Plaintiff states:

66.    Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 31.

67.    The use of force by Defendant OWNBEY towards Plaintiff was objectively unreasonable and unnecessary for Defendant OWNBEY to defend themselves or any other person from bodily harm during the detention and arrest of Plaintiff, and resulted, as Defendant OWNBEY reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

68.    The battery/unnecessary use of force by Defendant OWNBEY towards Plaintiff occurred during the course and scope of their employment as a police officer for Defendant CITY OF HOLLYWOOD.

69.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

70.    As a further direct and proximate result of the conduct of Defendant CITY OF HOLLYWOOD, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

     i.      Judgment for compensatory damages in excess of $15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.    Cost of suit;

     iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT VIII
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST
### DEFENDANT OWNBEY, INDIVIDUALLY

For his cause of action against Defendant OWNBEY, individually, in Count VIII, Plaintiff states:

71.    Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 31.

72.    The use of force by Defendant OWNBEY, individually, towards Plaintiff was objectively unreasonable and unnecessary for Defendant OWNBEY to defend himself or any other person from bodily harm during the detention and arrest of Plaintiff, and resulted, as Defendant OWNBEY reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

73.    Alternatively to the allegations set forth in Count VII, if the battery/unnecessary use of force against Plaintiff by Defendant OWNBEY, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant OWNBEY in his individual capacity.

74.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

75.     As a further direct and proximate result of the conduct of Defendant OWNBEY, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.   Cost of suit;

    iv.   Trial by jury as to all issues so triable; and

    v.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT IX**
**MALICIOUS PROSECUTION AGAINST DEFENDANT OWNBEY, INDIVIDUALLY**

For his cause of action against Defendant OWNBEY, individually, in Count IX, Plaintiff states:

76.     Plaintiff realleges and adopts, as if fully set forth in Count IX, the allegations of paragraphs 1 through 31.

77.     No reasonably cautious police officer in the position of Defendant OWNBEY would have believed that Plaintiff was guilty-in-fact of any criminal offense.

78.     Defendant OWNBEY proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his police reports to be submitted to prosecuting authorities

containing materially false statements and material omissions.

79.     At all times material hereto, Defendant OWNBEY knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

80.     The conduct of Defendant OWNBEY was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff were justified.

81.     The criminal proceedings instituted and/or continued by Defendant OWNBEY reached a bona fide resolution in Plaintiff's favor.

82.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

83.     As a further direct and proximate result of the conduct of Defendant OWNBEY, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.   As a result of the criminal proceedings commenced or continued by Defendant OWNBEY, it was necessary for Plaintiff to retain the services of a criminal defense attorney to defend himself against the charges instituted or continued by Defendant OWNBEY, and to pay a reasonable fee for his attorney's professional services.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.     Cost of suit;

    iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

84.     Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this ___27th___ day of November, 2018.

By:___*s/. Hugh L. Koerner*_____
        Hugh L. Koerner
        Florida Bar No.: 716952
        Email: hlklaw@hughkoerner.com
        Hugh L. Koerner, P.A.
        Sheridan Executive Centre
        3475 Sheridan Street, Suite 208
        Hollywood, FL 33021
        Telephone: (954) 522-1235
        Facsimile:  (954) 522-1176
        *Attorneys for Plaintiff Melvin Smith*